# Exhibit "A"

Attorney(s):     **Peter D. Valenzano**
Attorney Id No.:  **037892010**
Law Firm:      **McOmber McOmber & Luber P.C.**
Address:       **54 Shrewsbury Aveune**
               **Red Bank, New Jersey 07701**

Telephone No.:   **(732) 842-6500**
Fax No.:       **(732) 530-8545**
E-mail:        **pdv@njlegal.com**
Attorney(s) for Plaintiff(s): **Donna Swope**

| | |
|---|---|
| **Donna Swope** | SUPERIOR COURT OF NEW JERSEY |
| | **LAW** DIVISION |
| Plaintiff(s) | **OCEAN** COUNTY |
| vs. | DOCKET NO.: **OCN-L-974-24** |
| ZYNEX MEDICAL INC; STEVEN BENASSO; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), | CIVIL ACTION |
| Defendant(s) | 𝔖𝔲𝔪𝔪𝔬𝔫𝔰 |

**FROM THE STATE OF NEW JERSEY**

To the Defendant(s) Named Above: ZYNEX MEDICAL INC     C/O CSC (RA)

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at https://www.njcourts.gov.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ **175.00**_____  and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510     Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at https://www.njcourts.gov.

Date: **April 18, 2024**

/s/ Michelle Smith

**Michelle Smith**          *Clerk of the Superior Court*

Name of Defendant to be Served: **ZYNEX MEDICAL INC**          C/O CSC (RA)

Address of Defendant to be Served: c/o Corporation **Corporate Service Company**

**Princeton South Corporate Center, Suite 160**

**100 Charles Ewing Blvd, Ewing, NJ 08628**

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510          Page 2

OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER        NJ 08754

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 504-0700
COURT HOURS  8:30 AM - 4:30 PM


                  DATE:   APRIL 11, 2024
                  RE:     SWOPE DONNA  VS ZYNEX MEDICAL INC.
                  DOCKET: OCN L -000974 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES DEN UYL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (732) 504-0700 EXT 64366.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                  ATTENTION:

                       ATT: PETER D. VALENZANO
                       MCOMBER MCOMBER & LUBER, PC
                       54 SHREWSBURY AVE
                       RED BANK        NJ 07701


ECOURTS

Christian V. McOmber, Esq. – NJ ID #012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. – NJ ID #037892010
  pdv@njlegal.com
Khiana E. Gaulrapp, Esq. – NJ ID #388912023
  keg@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, New Jersey 07701
(732) 842-6500 Phone
*Attorneys for Plaintiff, Donna Swope*

| | |
|---|---|
| DONNA SWOPE,<br><br>                              Plaintiff,<br><br>                         v.<br><br>ZYNEX MEDICAL INC; STEVEN BENASSO; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>OCEAN COUNTY<br><br>DOCKET NO.:<br><br><div align="center">Civil Action</div><br><div align="center">**COMPLAINT & DEMAND FOR TRIAL BY JURY; FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS**</div> |

Plaintiff, Donna Swope ("Plaintiff"), by way of Complaint against Defendant Zynex Medical Inc. ("Defendant Zynex"), Defendants ABC Corporations 1-5 (fictitious names describing presently unidentified business entities) (along with "Defendant Zynex" collectively referred to as the "Corporate Defendants" or the "Zynex Defendants"), Defendant Steven Benasso ("Defendant Benasso"), and Defendants John Does 1-5 (fictitious names describing presently unidentified individuals) (along with "Defendant Benasso," collectively referred to as the "Individual Defendants"), alleges as follows:

## INTRODUCTION

This is a compelling disability discrimination claim arising under New Jersey's Law Against Discrimination, <u>N.J.S.A.</u> 10:5-1, <u>et seq.</u>, (hereinafter referred to as the "NJLAD"). The facts plainly demonstrate Plaintiff, Donna Swope, a former Territory Manager for Corporate Defendants, was subjected to discrimination and retaliation on the basis of her disability. In June 2023, Plaintiff was diagnosed with an aortic infarction and blockage, which if left untreated could result in cardiac arrest. Upon disclosure of her diagnosis, Plaintiff requested short-term disability leave to treat and manage her cardiac condition. Unfortunately, it took Plaintiff's physicians several months to effectively treat her condition, requiring Plaintiff to extend her medical leave of absence. Towards the end of October 2023, Plaintiff's physician finally started her on an effective treatment plan, requested Plaintiff remain on medical leave until November 30, 2023. Plaintiff requested leave in accordance with her physician's recommendation under both short-term disability and the Family Medical Leave Act ("FMLA"). On November 6, 2023, just a few weeks prior to her return to work, Defendants terminated Plaintiff under the dubious prevarication that an "open-ended leave was an undue hardship."

The truth of the matter is The Zynex Defendants never engaged in the interactive process, and brazenly discriminated against Plaintiff for her disability. Fortunately, the NJLAD provides redress for those employees subjected to such treatment in the workplace. Accordingly, Plaintiff brings this lawsuit to assert her right, and the rights of others, to work in an environment free from humiliation, discrimination, and retaliation.

## PARTIES

1.      Plaintiff is a domiciliary of the State of New Jersey currently residing in Lakewood, New Jersey, and at all times relevant hereto was employed by Corporate Defendants as an Operations Manager.

2

2.      Defendant Zynex is a for-profit corporation organized and existing under the laws of the State of Colorado. Defendant Zynex is registered with the State of New Jersey with an agent of service address at 100 Charles Ewing Blvd, Suite 160, Ewing, NJ, 08628. At all times relevant hereto, Defendant Zynex is an "employer" as defined under the NJLAD and directly employed Plaintiff and Individual Defendants.

3.      Defendant Benasso is a domiciliary of the State of New Jersey and, at all times relevant hereto, was Director of Human Resources for Corporate Defendants. This claim is brought against Defendant Benasso in his individual capacity and as an agent and/or servant of Corporate Defendants during Plaintiff's employment. Defendant Benasso is named as a Defendant in this litigation because of his role in aiding, abetting, and inciting Corporate Defendants' discrimination, harassment, and/or retaliation against Plaintiff. At all times relevant hereto, Defendant Benasso is an "employer" as defined under the NJLAD.

4.      Defendants ABC Corporations 1-5 are currently unidentified business entities which have acted in concert with Corporate Defendants and/or currently unidentified business entities responsible for the creation and/or implementation of anti-discrimination and/or anti-retaliation policies of Corporate Defendants and/or currently unidentified business entities which may have liability for the damages suffered by Plaintiff under any theory advanced herein.

5.      Defendants John Does 1-5 are currently unidentified individuals who acted in concert with Corporate Defendants and/or currently unidentified individuals responsible for the creation and/or implementation of anti-discrimination and/or anti-retaliation policies of Corporate Defendants and are currently unidentified individuals who may have liability for the damages suffered by Plaintiff under any theory advanced herein.

3

## FACTS COMMON TO ALL CLAIMS

6.      Corporate Defendants claims, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey specific policies prohibiting disability discrimination, harassment, and retaliation.

7.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey a zero-tolerance policy when it comes to disability discrimination, harassment, and retaliation.

8.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey policies and procedures requiring an employee who believes he or she was the victim of disability discrimination, harassment, or retaliation to report the discrimination, harassment, or retaliation to supervisory and management staff.

9.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey policies and procedures whereby they would engage in a timely and effective investigation of complaints of disability discrimination, harassment, or retaliation brought to their attention by employees.

10.     Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey policies and procedures committing them to engage in a timely and effective investigation of complaints of disability discrimination, harassment, or retaliation brought to their attention by employees.

11.     Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey policies and procedures committing them to undertake prompt and effective remedial measures to put a stop to any disability discrimination, harassment, or retaliation they found to exist.

4

12.     In or about February 2022, Plaintiff commenced employment with Corporate Defendants as a Territory Manager. At all times throughout her employment, Plaintiff performed her job responsibilities competently and diligently, loyally committed to Corporate Defendants and the clients they serve.

**A.**     **Plaintiff Suffers From An Aortic Infarction And Requests Time Off To Treat Her Condition.**

13.     In July 2023, Plaintiff began experiencing chest pain, shortness of breath, and dizziness among other symptoms. After numerous medical examinations, Plaintiff's physicians determined she had experienced an anterior infarction and needed immediate continued medical treatment to help her manage her condition.

14.     Accordingly, Plaintiff took short term disability leave beginning July 13, 2023, with a return-to-work date in September 2023.

15.     As September 2023 neared Plaintiff's physicians still struggled to treat her cardiac condition requiring an additional extension of her leave from September 2023 to October 4, 2023.

16.     Plaintiff still required additional medical treatment but returned to work on October 5th and 6th while her leave extension was pending. Once Plaintiff's leave extension was approved Plaintiff resumed her disability leave on October 7, 2023, with a scheduled return to work in the beginning of November 2023.

17.     On or about October 26, 2023, Plaintiff's physician was finally able to control her cardiac condition with medication.

18.     Per her physician's recommendation, Plaintiff extended her leave until November 30, 2023, with a return-to-work date of December 1, 2023.

5

**B.**   **Plaintiff Is Terminated After Requesting Medical Leave.**

19.     Plaintiff's request for additional leave for the remainder of November 2023 was denied as short-term disability, however, her request for leave under the Family Medical Leave Act ("FMLA") was still pending.

20.     Shortly following Plaintiff's request, on or about November 6, 2023, Plaintiff received a termination letter from Defendant Benasso stating she was terminated because her "open ended leave was an undue hardship on the operation of our [Corporate Defendants'] business."

21.     Corporate Defendants never engaged in the interactive process with Plaintiff. In fact, prior to Defendant Benasso's November 6, 2024 email, Plaintiff had never spoken to him or anyone else in Human Resources regarding her condition, prognosis, or return.

22.     At no point in time was Plaintiff's leave open ended. Plaintiff even had a return-to-work date of December 1, 2023.

23.     Instead of engaging in the interactive process, Defendant Benasso terminated Plaintiff citing her leave was an undue hardship, without any support of same.

24.     Following Plaintiff's termination Corporate Defendants retaliated even further alleging Plaintiff owed Corporate Defendants over $4,000 in unreturned medical devices. Plaintiff provided Corporate Defendants with the inventory, the devices locations, and timely returned to unused devices.

25.     Because of the joint and several acts and omissions of the Corporate Defendants, Individual Defendants, John Does (1-5), and ABC Corporations (1-5), Plaintiff has been and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present, and future.

6

26.     Because of the joint and several acts and omissions of the Corporate Defendants, Individual Defendants, John Does (1-5), and ABC Corporations (1-5), Plaintiff has been and continues to suffer non-economic damages in the form of humiliation, stress, and anxiety, causing her mental and emotional anguish and dysfunction and physical manifestations of same, including, but not limited to, inability to sleep, weight gain, headaches, panic attacks, crying, negative thoughts, nervousness, anxiousness, anxiety attacks, upset stomach, and stomach pains, all or some of which may be permanent.

## COUNT ONE

## NJLAD – DISABILITY DISCRIMINATION

27.     Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

28.     The pattern and practice of hostile work environment discrimination and retaliation directed at Plaintiff is outlined above.

29.     Plaintiff was subjected to repeated, pervasive, severe, and continuing instances of disparate treatment and discrimination based on disability.

30.     The above-described conduct would not have occurred but for Plaintiff's disability.

31.     The discriminatory and retaliatory conduct was severe or pervasive enough to make a reasonable person and employee believe that the conditions of employment were altered, and the working environment was hostile and discriminatory.

32.     In addition to the above discrimination, and retaliation, Defendants did not conduct an adequate investigation and failed to take proper remedial action to protect Plaintiff from discriminatory behavior and retaliation.

33.     Defendants did not have an effective anti-discrimination policy in place, Defendants have not maintained an anti-discrimination policy that is current and effective, and Defendants' anti- discrimination policy existed in name only.

34.     Defendants did not maintain useful formal and informal complaint structures for victims of discrimination, harassment, and retaliation.

35.     Defendants did not properly train their supervisors and/or employees on the subject of discrimination, harassment, and retaliation.

36.     Defendants failed to institute appropriate monitoring mechanisms to check the effectiveness of the policies and complaint structures.

37.     Defendants did not have a commitment from the highest levels of management that discrimination will not be tolerated; in fact, the highest levels of management deliberately and actively retaliated against those who complained about such conduct.

38.     Defendants failed to conduct prompt and thorough investigations of employee complaints of discrimination or provide a remedial plan reasonably calculated to stop any discrimination that was found.

39.     Defendants did not conduct an adequate investigation and failed to take proper remedial action to protect Plaintiff from discriminatory behavior and retaliation.

40.     It is unlawful discrimination "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J.S.A. 10:5-12(e). The NJLAD imposes liability to Individual Defendants irrespective of their supervisory role. Cicchetti v. Morris Cnty. Sheriff's Office, 194 N.J. 563, 568 (2008) (holding that individual liability is limited to "acts that constitute aiding or abetting," without requiring that the individual also qualify as a supervisor.); Raber v. Express

Scripts Hold. Co., No. 18-cv-8639, 2019 U.S. Dist. LEXIS 34444 (D.N.J. Mar. 5, 2019); Stouch & Bodnar v. Dep't of Child Prot. & Permanency, Docket No. BUR-L-151-19 (Law Div. May 12, 2020).

41.     As the employer, employee, and/or supervisor of Plaintiff, Defendants are vicariously, strictly, and/or directly liable to Plaintiff pursuant to the NJLAD, in that the affirmative acts of harassment, discrimination, and retaliation committed by Individual Defendants occurred within the scope of their employment; and/or Defendants were deliberately indifferent, reckless, negligent and/or tacitly approved the discrimination, hostile work environment, and/or retaliation; and/or Defendants failed to create and/or have in place well-publicized and enforced anti-harassment policies, effective formal and informal complaint structures, training, and/or monitoring mechanisms for same despite the foreseeability of harassment, discrimination, and retaliation in the workplace; and/or by having actual knowledge of the harassment, discrimination, and retaliation of Plaintiff and failing to promptly and effectively act to stop it.

42.     Individual Defendants had authority to affect the terms and conditions of Plaintiff's employment, including but not limited to the "authority to hire, fire, discipline, control [Plaintiff's] wages or control [Plaintiff's] schedule[]." Herman v. Coastal Corp., 348 N.J. Super. 1, 28 (Super. Ct. App. Div. 2002).

43.     Plaintiff reasonably perceived that the Individual Defendants had the power to impact Plaintiff's conditions of employment and Plaintiff's work environment.

44.     Individual Defendants aided, abetted, incited, compelled and/or coerced, and/or attempted to aid, abet, incite, compel and/or coerce each other, themselves, and/or Corporate Defendants to commit acts and omissions that were in violation of the NJLAD by committing affirmatively discriminatory, harassing, and/or retaliatory acts toward Plaintiffs, which are in

9

violation of their duties to halt or prevent discrimination, rendering Corporate Defendants and themselves individually and collectively liable to Plaintiff pursuant to N.J.S.A. 10:5-12(e).

45.     Individual Defendants have direct involvement in Plaintiff's discrimination and retaliation. Individual Defendants aided in conduct that caused injury to Plaintiff, Individual Defendants were generally aware of their role in the unlawful conduct, and Individual Defendants knowingly and substantially assisted in the unlawful conduct.

46.     Individual Defendants were unresponsive to Plaintiff's complaints, failed to adequately investigate Plaintiff's complaints, and failed take proper medial action of Plaintiff's complaints. Such conduct is substantial assistance, deliberate indifference, and/or affirmatively harassing acts that violate Individual Defendants' "duty to act against harassment." Hurley v. Atl. City Police Dep't, 174 F.3d 95, 126 (3d Cir. 1999); see also E.E.O.C. v. Foodcrafters Distrib. Co., No. 03-2796, 2006 U.S. Dist. LEXIS 11426, 2006 WL 489718, at *7 (D.N.J. Feb. 24, 2006).

47.     As Plaintiff's supervisor, Individual Defendants' unlawful conduct imposes liability on themselves and Corporate Defendant under the NJLAD. See Hurley v. Atl. City Police Dep't, 174 F.3d 95, 126 (3d Cir. 1999) (When a supervisor engages in "affirmatively harassing acts", he "flouts [his] duty" and "subjects himself and his employer to liability."); Fasano v. Fed. Reserve Bank of N.Y., 457 F.3d 274, 289 (3d Cir. 2006) ("The [NJ]LAD permits the imposition of individual liability on an employee who has aided or abetted barred acts."); Rowan v. Hartford Plaza Ltd, LP, 2013 N.J. Super. Unpub. LEXIS 766, at *18-19 (Super. Ct. App. Div. Apr. 5, 2013); Yobe v. Renaissance Elec., Inc., No. 15-3121, 2016 U.S. Dist. LEXIS 18227, at *12 (D.N.J. Feb. 16, 2016); Dickerson v. N.J. Inst. of Tech., No. 19-8344, 2022 U.S. Dist. LEXIS 5074, (D.N.J. Jan. 10, 2022).

48.     Individual Defendants' unlawful conduct, irrespective of their supervisory role, imposes liability on themselves and Corporate Defendant under the NJLAD. See N.J.S.A. 10:5-12(e) (unlawful for "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."); Cicchetti v. Morris County Sheriff's Office, 194 N.J. 563, 568 (2008) (holding that individual liability is limited to "acts that constitute aiding or abetting," without requiring that the individual also qualify as a supervisor); Raber v. Express Scripts Hold. Co., No. 18-cv-8639, 2019 U.S. Dist. LEXIS 34444 (D.N.J. Mar. 5, 2019); Stouch & Bodnar v. Dep't of Child Protection and Permanency, Docket No. BUR-L-151-19 (Law Div. May 12, 2020).

49.     As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under NJLAD, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit and for such other relief the Court deems equitable and just. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the NJLAD as follows:

    A.   Reinstatement of employment and all benefits;
    B.   Back pay and benefits;
    C.   Front pay and benefits;
    D.   Compensatory damages;
    E.   Consequential damages;
    F.   Reinstatement;
    G.   Punitive damages;
    H.   Prejudgment interest and enhancements to off-set negative tax consequences;
    I.   Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set

11

negative tax consequences and/or enhancements otherwise permitted under law);

J.  Such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable;

K.  Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;

L.  Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;

M.  Ordering Defendants to undergo anti-discrimination training;

N.  Ordering Defendants to undergo anti-retaliation training;

O.  Ordering Defendants to undergo anti-harassment training;

P.  Ordering Defendants to undergo workplace civility training;

Q.  Ordering Defendants to undergo bystander intervention training;

R.  Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;

S.  Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;

T.  Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;

U.  Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;

V.  Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;

W.  Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;

X.  Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;

Y.  Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and

Z.  Such other relief as may be available and which the Court deems just and equitable.

## COUNT TWO

### NJLAD – DISABILITY DISCRMINATION: FAILURE TO ACCOMMODATE AND FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

50.  Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

51.  The conduct of Defendants as detailed above constitutes disability discrimination, specifically the failure to reasonably accommodate disabled persons and the failure to engage in

12

the interactive process required by New Jersey law.

52.     Defendants were well aware of Plaintiff's disability at all times relevant during Plaintiff's employment.

53.     Throughout the course of Plaintiff's employment, Defendants failed to make accommodations for Plaintiff's disability.

54.     As a direct result of Plaintiff requesting a reasonable accommodation, Defendants took retaliatory action by terminating Plaintiff from her employment.

55.     As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the NJLAD, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and for such other relief the Court deems equitable and just.

<div align="center">

**COUNT THREE**

**NJLAD – RETALIATION/IMPROPER REPRISAL**

</div>

56.     Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

57.     NJLAD's anti-reprisal provision specifically prohibits "any person from taking reprisals against any person because that person has opposed any practices or acts forbidden under this act." N.J.S.A. 10:5-12(d).

58.     Plaintiff complained and/or protested against the continuing course of discriminatory and retaliatory conduct set forth at length above.

59.     Defendants had knowledge about those complaints and/or protests.

<div align="center">

13

</div>

60.     As a direct result of Plaintiff's raising complaints regarding Defendants' conduct, Defendants took retaliatory action against Plaintiff, which is outlined above.

61.     The retaliation directed at Plaintiff included, but is not limited to, requiring Plaintiff to endure discrimination as a condition of employment and failing to investigate Plaintiff's complaints of discrimination.

62.     Plaintiff was affirmatively and/or constructively terminated by Defendants in retaliation for making complaints about Defendants' conduct and due to Defendants' failure to take corrective and remedial action. As a direct result, Defendants took retaliatory action against Plaintiff, which is outlined above.

63.     Defendants are vicariously, strictly and/or directly liable to Plaintiff for unlawful retaliatory conduct in violation of the NJLAD pursuant to N.J.S.A. 10:5-12(d).

64.     Individual Defendants' unlawful conduct imposes liability on themselves and Corporate Defendant(s) under the NJLAD anti-retaliation provision. See N.J.S.A. 10:5-12(d) (prohibiting "any person from taking reprisals against any person because that person has opposed any practices or acts forbidden under this act."); Craig v. Suburban Cablevision, Inc., 274 N.J. Super. 303, 644 A.2d 112, 115 (App. Div. 1994); Tyson v. Cigna Corp., 918 F. Supp. 836, 839 (D.N.J. 1996); Kamdem-Ouaffo v. Task Mgmt., No. 17-cv-7506, 2018 U.S. Dist. LEXIS 113899, at *48 (D.N.J. July 9, 2018); McDermott v. CareAllies, Inc., 503 F. Supp. 3d 225, 238-39 (D.N.J. 2020); Smart v. Cnty. of Gloucester, No. 20-12408, 2022 U.S. Dist. LEXIS 198, at *11-12 (D.N.J. Dec. 30, 2021).

65.     As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained emotional and pecuniary damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the NJLAD as follows:

A. Reinstatement of employment and all benefits;

B. Back pay and benefits;

C. Front pay and benefits;

D. Compensatory damages;

E. Consequential damages;

F. Reinstatement;

G. Punitive damages;

H. Prejudgment interest and enhancements to off-set negative tax consequences;

I. Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

J. Such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable;

K. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;

L. Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;

M. Ordering Defendants to undergo anti-discrimination training;

N. Ordering Defendants to undergo anti-retaliation training;

O. Ordering Defendants to undergo anti-harassment training;

P. Ordering Defendants to undergo workplace civility training;

Q. Ordering Defendants to undergo bystander intervention training;

R. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;

S. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;

T. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;

U. Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;

V.      Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;

W.    Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;

X.     Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;

Y.     Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and

Z.     Such other relief as may be available and which the Court deems just and equitable.

## COUNT FOUR

### NJLAD – WRONGFUL TERMINATION

68.    Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

69.    Plaintiff complained and/or protested against the continuing course of harassing, discriminatory, and retaliatory conduct set forth at length above. Defendants had knowledge about those complaints and/or protests.

70.    As a direct result, Defendants terminated Plaintiff's employment.

71.    Defendants are vicariously, strictly and/or directly liable to Plaintiff for unlawful, wrongful termination in violation of the NJLAD.

72.    As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained emotional and pecuniary damages.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, punitive damages, pre- and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

16

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary insurance coverage, but also any excess, catastrophe, and umbrella policies.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Donna Swope*

By: /s/ *Peter D. Valenzano*
PETER D. VALENZANO, ESQ.

Dated: April 11, 2024

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, PETER D. VALENZANO, ESQUIRE, is hereby designated as trial counsel for Plaintiff.

17

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other civil actions or arbitration proceedings involving this matter with respect to this matter and no other parties need to be joined at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> McOMBER McOMBER & LUBER, P.C.
> *Attorneys for Plaintiff, Donna Swope*
>
> By: */s/ Peter D. Valenzano*
> PETER D. VALENZANO, ESQ.

Dated: April 11, 2024

Christian V. McOmber, Esq. – NJ ID #012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. – NJ ID #037892010
  pdv@njlegal.com
Khiana E. Gaulrapp, Esq. – NJ ID #388912023
  keg@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, New Jersey 07701
(732) 842-6500 Phone
*Attorneys for Plaintiff, Donna Swope*

| | |
|---|---|
| DONNA SWOPE,<br><br>Plaintiff,<br><br>v.<br><br>ZYNEX MEDICAL INC; STEVEN BENASSO; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>OCEAN COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS** |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS, INTERROGATORIES, AND DISCOVERY DEMANDS RELATING TO PUNITIVE DAMAGES

**PLEASE TAKE NOTICE** that McOmber McOmber & Luber, P.C., attorneys for Plaintiff, Donna Swope ("Plaintiff"), demand that Defendants Zynex Medical Inc. and Steven Benasso (collectively "Defendants"), produce true and complete copies of the following Document Requests and answer, under oath, the following Interrogatories pursuant to the Rules of Court. Interrogatories answers shall be typed beneath the questions and the original shall be returned in accordance with Rule 4:17-4(c) and, if at any time prior to trial, you obtain information which renders any answer you provide incomplete or inaccurate, amended answers shall be served

19

pursuant to Rule 4:17-7. Both the Document Request and Interrogatories shall be continuing so as to require supplemental responses and/or answers if Defendant(s) obtain(s) further documents or information between the time the response is served and the time of trial/hearing.

## DEFINITIONS

1.     "Plaintiff" shall mean, individually and collectively, each Plaintiff identified in the above-captioned action. If more than one Plaintiff is identified in the caption as a party to this lawsuit, Defendants must respond to each request with specific responses applicable to each Plaintiff in this lawsuit.

2.     "Defendant Zynex" shall mean Zynex Medical Inc., and any of its officers, directors, employees, agents, representatives, successors, predecessors, assigns, divisions, affiliates, subsidiaries, and all persons acting or purporting to act on its behalf.

3.     "Defendant Benasso" shall mean Steven Benasso, Defendant in the above-captioned action.

4.     "Defendant(s)" shall individually and collectively mean all Defendants in the above-captioned action.

5.     The term "Corporate Defendant(s)" shall individually and collectively mean any Defendant company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, or organization, or any other similar type of group through which business is conducted, or any director, officer, employee, or agent thereof.

6.     The term "Individual Defendant(s)" shall mean any defendant in this matter sued in his/her individual capacity or as an agent or servant of any Corporate Defendant.

7.     The terms "you," "your," or "yours" shall mean the party answering these interrogatory questions.

8.    "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, or organization, or any other similar type of group through which business is conducted, or any director, officer, employee, or agent thereof.

9.    "Person" shall mean any natural Person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys, and others acting or purporting to act on behalf of such natural Person, partnership, corporation, or other business entity.

10.    The term "Action" shall mean the civil action captioned above.

11.    The term "Complaint" shall mean the Complaint filed by Plaintiff(s) in this Action.

12.    The term "Answer" shall mean any Answer to the Complaint filed by any party in this Action, which specifically includes all Affirmative Defenses, Denials, and Counterclaims, that were filed with the Court in the above-captioned Action.

13.    The term "Investigation" shall mean any investigation, inquiry, analysis, review, examination, research, study, interview, interrogation, and/or collection of evidence, statements (oral or written), and documents.

14.    The term "Grievance" shall mean any complaint, grievance, accusation, allegation, protest, and/or objection (formal or otherwise) by Plaintiff(s) or any Person concerning any of the Defendant(s) and Plaintiff.

15.    "Document" or "documents" is defined in accordance with New Jersey Court Rule 4:18-1 and includes the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced, or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including, but not limited to,

memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statements, charts, studies, reports, graphs, statements, notebooks, handwritten notes, application, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations or voicemails, emails, inter-office or intra-office communications, handwritten or other notices, diaries, invoices, purchase orders, bills of lading, work papers, and also including, but not limited to, originals and all copies which are different from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, representatives, employees, or attorneys of Defendant(s), or all persons acting on Defendant(s)' behalf, including documents at any time in the possession, custody or control of such Individuals or entities who are known by Defendant(s) to exist. Include any catalog, brochure, or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant(s) have or have had access.

16. The term "communication" means any conversation, correspondence, discussion, meeting, message, record of phone calls, or other occurrence in which data, conclusions, information, opinions, or thoughts are exchanged between two or more persons, whether it be written, oral, or electronically transmitted.

17. The terms "all" and "any" shall both be construed as "any and all."

18. The terms "and," "or," and "and/or" shall be construed in both the disjunctive and conjunctive to permit the broadest possible reading of the request so as to bring within the scope

22

of the requested documents and other material that might otherwise be construed to be outside the request.

19.     The term "concerning" means concerning, comprising, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, illustrating, pertaining to, referring to, reflecting, regarding, relating to, responding to, stating, or supporting in any way, either directly or indirectly.

20.     The phrases "relating to" or "relate to" or "relates to" or "refer to" or "refers to" or "referred" or "relating to" and/or "regarding" shall be construed in the broadest possible sense to mean, *inter alia*, concerning, referring to, embodying, constituting, describing, connected with, commenting on, responding to, evidencing, identifying, supporting, contradicting, rebutting, pertaining to, and/or relating in any way.

21.     The term "including" or "include" shall mean "including without limitation."

22.     Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## INSTRUCTIONS

1.     In addition to the specific instructions enumerated below, the following Document Requests and Interrogatories shall be subjected to the New Jersey Rules of Court.

2.     If more than one Plaintiff is identified in the caption as a party to this lawsuit, Defendant(s) must respond to each request with specific responses applicable to each Plaintiff in this lawsuit.

3.     When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and last known place of employment.

23

4.      These Document Requests and Interrogatories shall be deemed continuing in nature so as to require prompt supplementation if, as, and when Defendant(s) obtain additional information.

5.      If anyone identified in response to any of the Document Requests and/or Interrogatories was formerly, but is no longer, employed by you, please so state in the answer and provide the former employee's current address and telephone number (business or home), if known. If the current address and telephone number are not known, then please provide the former employee's last known address and telephone number.

6.      You shall be under a continuing obligation to supplement answers to the Document Requests and Interrogatories.

7.      If you cannot respond to any of the following Document Requests and/or Interrogatories in full after exercising due diligence to secure the information to do so, then respond to the extent possible and explain your inability to provide a complete answer. State whatever information or knowledge you have about the unanswered portion of any Document Request and/or Interrogatory.

8.      Whenever a Document Request and Interrogatory asks for a date, state the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

9.      Documents shall be produced in their original state (i.e., in their original file folders in the exact order as found) without removal or rearrangement of anything contained therein.

10.      Each document request that seeks information relating in any way to communications to, from, or within a business or entity is hereby designated to mean, and should be construed to include, all communications by and between that business and/or entity's present or former representatives, employees, agents, and servants of the business and/or entity.

24

11.     All documents shall be organized and labeled to correspond with the numbered paragraphs of these document requests. If there are no documents responsive to a particular document request, Defendant(s) shall so state in writing.

12.     All electronically stored information shall be produced in a reasonably usable form, and it shall not be converted from the form in which it is ordinarily maintained to a different form that would make it more difficult or burdensome for Plaintiff to use such information.

13.     In the event that any document or portion thereof is withheld on the basis of any privilege or otherwise claimed to be protected against production, such document shall be identified by stating: (a) the nature of the privilege or reason for withholding which Defendant(s) contend applied; (b) the factual basis for Defendant(s)' assertion of privilege or the reason for withholding; (c) the type of document (e.g., letter, memorandum, etc.); (d) all authors and addressees; (e) all indicated and blind copies; (f) all persons to whom the document was distributed, shown, or explained; (g) the document's date; (h) a summary description of the document's subject matter; (i) the number of pages and attachments or appendices comprising the document; and (j) its present custodian.

14.     Whenever a claim of privilege concerns any oral communication or statement, identify the participants to the communication and the person giving and receiving the statement, set forth the date and place of the communication or statement, state the general subject matter thereof, and state the basis for the claim of privilege.

15.     If any document was, but is no longer, in Defendant(s)' possession, or subject to Defendant(s)' control, or in existence, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of. In each instance, explain the circumstances surrounding any such disposition,

including the authorization of the disposition, the date of destruction or discard, the manner of destruction or discard and reason for destruction or discard, the persons who authored and carried out such destruction or discard, whether any copies of the document presently exist, and, if so, the name of the custodian of each copy.

16.     An objection or claim of privilege directed to part of a request does not constitute an excuse for failure to respond to the parts of the Document Request and/or Interrogatories for which no objection to claim of privilege is made.

17.     If a refusal to answer a Document Request and/or Interrogatories is based on the grounds that the request is overly burdensome, identify the number and nature of documents needed to be searched.

18.     Punitive Requests relate to Corporate Defendant(s)' financial condition for purposes of punitive damages. "Case law recognizes the defendant's financial condition as a relevant factor in all punitive-damage awards." Herman v. Sunshine Chemical Specialties, Inc., 133 N.J. 329, 339 (1993). In order to properly determine the appropriate punitive damage award amount, the trier of fact "must consider evidence of the defendant's financial condition." Id. at 342. "The degree of punishment resulting from a judgment must be, to some extent, in proportion to the means of the guilty person. Restatement (Second) of Torts 908 comment d (1977)." McDonough v. Jorda, 214 N.J. Super. 338, 349 (1986), certif. denied, 110 N.J. 302, (1988) cert. denied, 489 U.S. 1065 (1989).

## DOCUMENT REQUESTS TO DEFENDANT(S)

1.     All documents relating to any insurance policy or reinsurance policy that may be used to pay all or part of any judgment entered against Defendant(s) in this Action.

2.     All statements, documents, or communications concerning any of Plaintiff's requests for leave or accommodation.

3. All statements, documents, or communications concerning any of Plaintiff's medical condition, prognosis, and/or return to work.

4. All statements, documents, or communications concerning any of Plaintiff's absence being a burden to Corporate Defendants.

5. Produce a copy of Defendant(s)' written policy concerning medical leaves of absence.

6. All statements, documents, or communications concerning any medical devices in Plaintiff's possession at the time of her termination.

7. A complete copy of the personnel file Defendant(s) maintained pertaining to Plaintiff, including but not limited to copies of documents (written or electronic) relating to the following: (a) medical records and reports; (b) pay and benefits provided to Plaintiff; (c) attendance, sick time, disability time, personal time and/or vacation time; (d) commendations and/or performance reviews regarding Plaintiff; (e) job title or job status changes; (f) documents relating to any leave of absence; and (g) employer policy information provided to Plaintiff, if any.

8. Limited portions of the personnel file(s) Defendant(s) maintained pertaining to any Individual Defendant, including but not limited to copies of documents (written or electronic) relating to the following: (a) disciplinary action (i.e., oral reprimand, written reprimand, suspension, demotion, loss of pay, termination) being taken against any Individual Defendant; (b) performance evaluations that were conducted for any Individual Defendant; and (c) job title or job status changes for any Individual Defendant.

9. All documents and electronic data that relate to, refer to, discuss, or memorialize the Plaintiff's hiring.

27

10. All documents and electronic data that relate to, refer to, discuss, or memorialize the termination, demotion, suspension, separation, and/or resignation of Plaintiff.

11. All statements, documents, or communications relating to any complaints made by the Plaintiff.

12. Produce a copy of Defendant(s)' written policy concerning disability discrimination and providing a reasonable accommodation.

13. Produce a copy of Defendant(s)' written policy concerning retaliation.

14. Produce a copy of Defendant(s)' written policy concerning progressive discipline.

15. All statements, documents, or communications relating to anti-harassment, anti-discrimination, and/or anti-retaliation training or education completed by Defendant(s).

16. All statements, documents, or communications concerning any Investigation that relates to the claims and defenses asserted in this Action.

17. A copy of all documents (written or electronic) relating to each and every instance since January 01, 2015, in which an allegation was made and/or a lawsuit filed alleging that Defendant(s) engaged in improper retaliation and/or reprisal in violation of New Jersey's Law Against Discrimination. For each and every such instance, identify the person(s) who made the allegation, the person(s) against whom the allegation was made, the date of the behavior complained of, the date the complaint was made, the nature of the behavior complained of, and how, if any way, you investigated, handled, processed, and/or ultimately disposed of each and every such matter.

18. A copy of all documents (written or electronic) relating to each and every instance since January 01, 2015, in which an allegation was made and/or a lawsuit filed alleging that Defendant(s) engaged in improper retaliation and/or reprisal in violation of New Jersey's

28

Conscientious Employee Protection Act. For each and every such instance, identify the person(s) who made the allegation, the person(s) against whom the allegation was made, the date of the behavior complained of, the date the complaint was made, the nature of the behavior complained of, and how, if any way, you investigated, handled, processed, and/or ultimately disposed of each and every such matter.

19.     All statements, documents, or communications concerning or made by any person that relate to the allegations asserted in the Complaint.

20.     All statements, documents, or communications relating to statements of witnesses provided to and/or obtained by Defendant(s) that relate to this Action.

21.     All statements, documents, or communications concerning or made by any Person (including any of Defendant(s)' employees or coworkers) that relate to the defenses, affirmative defenses, and/or denials asserted in the Answer.

22.     All statements, documents, or communications concerning any agreement or contract between the Plaintiff and Defendant(s).

23.     All statements, documents, or communications concerning any Person who has knowledge and/or information relating to this Action.

24.     All statements, documents, or communications between the Plaintiff and Defendant(s) that relate to this Action.

25.     All statements, documents, or communications concerning any admissions by or of Defendant(s) that relate to this Action.

26.     All statements, documents, or communications concerning any of Defendant(s) denials of the allegations set forth in the Complaint.

27.     All documents any expert who may testify on Defendant(s) behalf and which Defendant(s) intend to use or may rely upon at trial.

28.     Copies of all books, documents, drawings, plans, photographs or other tangible things upon which Defendant(s) will rely in support of its defenses.

29.     All statements, documents, or communications relating to any Grievance made by any non-party to this action concerning Defendant(s).

30.     All documents Defendant(s) intend to use for any purpose in this litigation, including, but not limited to the data it intends to use in depositions or at trial.

31.     All reports (including drafts) relating to any Investigation concerning Defendant(s) and/or the Plaintiff.

32.     Any reports relevant to this matter written by an expert utilized by Defendant(s).

33.     Copies of any and all books, treatises, pamphlets or other printed material upon which Defendant(s) or any experts retained by Defendant(s) will rely, including using as an exhibit at trial.

34.     All documents concerning any employee Grievances against Defendant(s) for the past ten (10) years.

35.     Copies of any photographs, video, text messages, iMessages, emails or other medium with regard to any communications between Defendant(s) and Plaintiff.

36.     Copies of any photographs, video, text messages, iMessages, emails or other medium with regard to any communications between Defendant(s) and Defendant(s)' agents, servants or representatives referring and/or relating to the subject matter of this litigation.

37.     A written job description for each position that Plaintiff held during Plaintiff's employment with Corporate Defendant(s).

38.    A written job description for each position held by any Individual Defendant or any employee or agent of Defendant(s) during his/her tenure of employment with Corporate Defendant(s).

39.    All statements, documents, or communications concerning any communication between Defendant(s) and Defendant(s)' Human Resources department regarding Plaintiff.

40.    All documents identified or referenced in Defendant(s)' Answers to Plaintiff's First Set of Interrogatories to Defendant(s).

41.    Produce a copy of the employee handbook in force and effect at the time of the Plaintiff's employment with Defendant(s).

42.    All documents relating to Corporate Defendant(s)' policy or policies concerning electronic data retention and preservation.

43.    All documents relating to any employee benefits or benefit plan in which the Plaintiff was/were eligible to participate during his/her employment with Defendant(s).

44.    All documents or electronic data relating, reflecting, or referring to Defendant(s) policy or policies concerning employees' use of desktops and/or laptops (whether in office or remote locations) and management, preservation and/or deletion of data on such laptops.

45.    All documents or electronic data relating, reflecting, or referring to Defendant(s) ability to restore archived electronic data relating to the Plaintiff's employment contained on electronic media such that upon restoration it may be accessed, viewed, exported or printed.

46.    All statements, documents, or communications concerning any investigation concerning discrimination, harassment, hostile work environment and unfair favoritism complaints by employees and/or clients of Defendant(s) that relates to Defendant(s).

31

47.     All statements, documents, or communications concerning any occasion in which Defendant(s) reprimanded or disciplined Plaintiff.

48.     All statements, documents, or communications concerning Defendant(s) receiving any sensitivity training or any training regarding appropriate workplace language and conduct.

## INTERROGATORIES TO DEFENDANT(S)

1.      State with specificity each and every legitimate, non-discriminatory reason for why Defendants terminated Plaintiff's employment and the factual basis for the same.

2.      Identify each and every individual who was involved in the decision to terminate Plaintiff's employment and describe each individual's role and input in the decision.

3.      Identify the date, time and location of any meetings where the decision regarding whether to terminate Plaintiff's employment was discussed and identify each and every individual present at the meeting.

4.      Identify all how Corporate Defendants engaged in the interactive process with Plaintiff.

5.      Explain specifically how Plaintiff's absence was an undue burden on Corporate Defendants.

6.      Identify when Plaintiff's replacement commenced her employment with Corporate Defendants.

7.      Provide the full name, age, gender, last known address, last known telephone number, and last known email for Plaintiff's replacement(s).

8.      Identify why Plaintiff was not permitted to submit receipts for reimbursement after her termination.

32

9. Identify each medical device Plaintiff allegedly maintained possession for at the time of her termination, for each device please state whether they were returned by Plaintiff or placed with a medical practice.

10. Identify each individual(s) who performed any of Plaintiff's job duties and/or responsibilities after his/her termination of employment from Defendants.

11. Indicate whether the individual or individuals certifying these Interrogatory answers had the opportunity to review the typed responses.

12. Identify the last known address, email address, and telephone number for Defendant Benasso.

13. State the name, last known address, and last known telephone number of all persons who have knowledge of facts relating in any way to this matter and specify the subject matter of each such person's knowledge.

14. State the name, last known address, and last known telephone number of each person whom Defendant(s) may expect to call as a witness at trial and indicate those facts to which each such witness is expected to testify.

15. State the names and business addresses of any and all proposed expert witnesses whom Defendant(s) have retained for this matter.

16. With respect to each proposed expert witness referred to in the preceding Interrogatory, provide the following:

        a. field of expertise;
        b. educational background;
        c. the names of any and all books, periodicals, or other writings that he or she has written or to which he or she has contributed;
        d. the date, time, and place at which any oral opinion was rendered, specifying to whom that opinion was rendered and describing the content of that opinion;

33

e.    true and accurate copies of any and all written reports or opinions, including drafts;

f.    the name, last known address, last known telephone number, job title, and current employer of each person with whom the expert has met in connection with formulating his or her opinion or preparing his or her report(s);

g.    true and accurate copies of any and all documents that the expert created, obtained, or reviewed in connection with the formulation of his or her opinion or the preparation of his or her report(s);

h.    all tangible things upon which your expert(s) may rely as an exhibit at trial and identify the name and address of the person in whose custody the above identified tangible things are at the present time and;

i.    if any such reports, either written or oral, subsequently become known to you or become available, submit copies thereof to supplemental answers to these Interrogatories.

17.    With respect to each proposed expert witness referred to in the preceding Interrogatory, set forth in summary form the substance of the opinion to which each is expected to testify, including a summary of grounds for each opinion.

18.    Identify the names and addresses of any persons other than those named in the preceding three Interrogatories, who have been retained, specifically employed, or consulted by Defendant(s) in anticipation of litigation or preparation for trial and who may not be called as witnesses at trial and as to each:

a.    state the subject matter on which he/she was consulted;

b.    state his/her field of expertise;

c.    set forth the full and detailed qualifications, training, professional and practical experience, education and degree obtained by such person. (As to each item listed in the answer to this Interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended; furthermore, set forth the nature of each place at which experience or training was received);

d.    attach to the answers to these Interrogatories copies of all written reports submitted to you (or detailed resume if report was oral) of each such expert;

e.    state whether or not there are any other reports in existence from the particular experts named, either written or oral (if any such reports, either written or oral, subsequently become known to you, or become available, submit copies thereof of supplemental answers to these Interrogatories);

f.    set forth completely all expert opinions rendered by the named expert(s) which are not in writing;

34

g.   identify each document that has been relied upon by each expert witness in the formulation of his or her opinion; and
h.   state a summary of the grounds for each opinion.

19.   List chronologically each job title held by the Plaintiff while employed by any Defendant(s) indicating the time period during which each position was held.

20.   For any position held by the Plaintiff while employed by Defendant(s) for which there is no job description, describe with specificity the job functions of each such position to the best of Defendant(s)' knowledge.

21.   State the required qualifications and skills for each and every job title that the Plaintiff held while employed by any Defendant(s).

22.   State whether the Plaintiff was/were ever promoted while employed by any Defendant(s). For each promotion, state the following:

a.   from what position or job title the promotion was from and to what position or job title the promotion was to;
b.   the date of the promotion;
c.   the reason(s) for the promotion;
d.   the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;
e.   the criteria used in making the decision; and
f.   identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

23.   State whether the Plaintiff was/were ever demoted while employed by any Defendant(s). For each demotion, state the following:

a.   from what position or job title the demotion was from and to what position or job title the demotion was to;
b.   the date of the demotion;
c.   the reason(s) for the demotion;
d.   the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;
e.   the criteria used in making the decision; and
f.   identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

35

24. List chronologically each job title held by Defendant(s) while employed by any Defendant(s), indicating the time period during which each position was held.

25. For any position held by Defendant(s) while employed by any Defendant(s) which there is no job description, describe with specificity the job functions of each such position to the best of Defendant(s)' knowledge.

26. State the required qualifications and skills for each and every job title that Defendant(s) held while employed by any Defendant(s).

27. State whether Defendant(s) was/were ever promoted while employed by any Defendant(s). For each promotion, state the following:

      a.   from what position or job title the promotion was from and to what position or job title the promotion was to;

      b.   the date of the promotion;

      c.   the reason(s) for the promotion;

      d.   the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;

      e.   the criteria used in making the decision; and

      f.   identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

28. State whether Defendant(s) were ever demoted while employed by any Defendant(s). For each demotion, state the following:

      a.   from what position or job title the demotion was from and to what position or job title the demotion was to;

      b.   the date of the demotion;

      c.   the reason(s) for the demotion;

      d.   the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;

      e.   the criteria used in making the decision; and

      f.   identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

29. State the full name of each manager that worked with or oversaw the Plaintiff.

36

30.     Identify and provide full details concerning any Investigation relating to the allegations and claims in the Complaint, including but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken. Identify those who Defendant(s) contacted or assigned to conduct each specific investigation or inquiry, who was questioned, what was discovered, and what corrective action was taken to the best of Defendant(s)' knowledge. Provide copies of any examinations, audits, findings, reports, or notices in Individual Defendant(s)' possession.

31.     Identify and provide full details concerning any Investigation relating to any denials or defenses asserted in the Answer, including, but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken.

32.     Identify all persons employed by Defendant(s) who are responsible for Human Resources, personnel matter, training, orientation, and personnel monitoring for the previous five (5) years to the best of Defendant(s)' knowledge.

33.     State whether any Defendant(s) received or went through an orientation program when he/she was hired to work at Defendant(s) and describe said program. If so:

        a.     provide a description of the system(s) or procedure(s) used for orientation for the past five (5) years; and

        b.     identify and produce all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

34.     Identify and provide full details concerning all harassment and discrimination prevention training conducted by Defendant(s) in the past five (5) years.

35.     In connection with Defendant(s)' response to the preceding Interrogatory, provide full details of such training including the dates, and provide any written materials used in such training. If the training was provided by a third party, please forward the third party's name,

37

business address, and last known phone number, together with the third party's qualifications to

perform such training.

    36.    State whether any civil or criminal actions have ever been filed charging

Defendant(s) with harassment, discrimination and/or retaliation in the past ten (10) years.  This

includes, but is not limited to all judicial, administration, and/or arbitration hearings.  If so, provide

the following for each such action:

        a.    the name, last known address, last known telephone number, and job title
             of the complainant(s);
        b.    the title of the action;
        c.    the name and address of the court where the action was filed;
        d.    the docket number of the action;
        e.    the date on which the action was filed;
        f.    the nature and substance of the action;
        g.    the disposition or present status of the action;
        h.    whether the case was tried and, if so, the verdict;
        i.    the amount of punitive damages, if any;
        j.    the amount of compensatory damages, if any; and
        k.    identify all documents that in any way touch upon, discuss or pertain to any
             of the matters referred to in this Interrogatory.

    37.    Please describe in detail complaints or Grievances (formal or otherwise) made by

the Plaintiff with regard to discrimination, harassment, hostile workplace environment, and/or

unfair favoritism regarding fellow employees and/or Defendant(s).

    38.    Describe, in detail, all complaints or Grievances (formal or otherwise) by any

employees of Defendant(s) relating to discrimination, harassment, hostile workplace environment

and/or unfair favoritism by Defendant(s) in the past ten (10) years.

    39.    Describe, in detail, the investigation, determination and/or disciplinary actions

taken by Defendant(s) relating to all complaints or Grievances of discrimination, harassment,

hostile workplace environment and/or unfair favoritism by Defendant(s) in the past ten (10) years.

40.     Describe, in detail, the facts and circumstances relating to the method and process by which complaints or Grievances are handled and resolved with the Human Resources Departments (or similar departments) at Defendant(s).

41.     Describe in detail the factual basis for each of Defendant(s) denials of the allegations of the Complaint.

42.     Are there any documents that Defendant(s) know or believe to be in existence, although not in Defendant(s)' possession or control, that in any way relate to the subject matter of this litigation? If so, identify each such document, set forth the source of Defendant(s)' information or belief regarding the existence of such document, and identify the person or entity in whose possession or control such document is known or believed to be.

43.     Have any admissions been made by party or parties propounding these Interrogatories, or any of his/her/its/their agents, servants or representatives concerning the subject matter of this litigation? If the answer to this Interrogatory is in the affirmative, set forth in detail the following:

        a.     the time, date and place of each admission;
        b.     the content and substance of each admission;
        c.     the name and address of each person making an admission;
        d.     if the admission was an oral communication, the names and addresses of all persons present when the admission was made;
        e.     if the admission was made in a document, attach a copy thereof to Defendant(s)' answers to these Interrogatories;
        f.     if the admission was made in an oral communication, describe verbatim, to the extent possible, what was said by each party to such oral communication.

44.     Set forth whether Defendant(s) have obtained a statement from the party or parties propounding these Interrogatories. If the affirmative, state:

        a.     if written, attach a true copy of the statement;
        b.     if oral, set forth a verbatim recitation of the statement and advise whether the statement was recorded, the manner of recording and the person who has custody of the statement; and

      c.    the date the statement was obtained.

45.    Set forth whether Defendant(s) have obtained a statement from any person not a party to this action. If your answer is in the affirmative, state:

      a.    Name and address of the person who gave the statement, and date statement obtained;
      b.    if written, whether signed by the person;
      c.    if oral, name and address of the person who obtained the statement, and if recorded, the nature and present custody of recording;
      d.    attach a copy of all said written statements; and
      e.    if oral, set forth completely the substance of said statements.

46.    Please set forth the existence and contents of any insurance agreement pertaining to the issues in the case, insuring the party answering this Interrogatory. This request is made pursuant to *Rule* 4:10-2(b).

47.    State the policy limits of any insurance policies naming Defendant(s) as an insured which cover the claims in this litigation, along with the name of the insurance carrier and policy number, the amount of any applicable deductible, and if the claim is being defended under a Reservation of Rights Agreement or letter, attach a copy of said Reservation of Rights Agreement or letter.

48.    If the party or parties answering these Interrogatories believes that some person, not a party to this action, is in some way responsible for the injuries and/or damages alleged, please set forth the name and address of such person, and the acts or omissions and address of such person, the acts or omissions of said person which caused the injury or damage and the facts which support the belief.

49.    If the person certifying the answers to these Interrogatories did not answer each and every question, then identify each person supplying information used to answer the above Interrogatories and set forth the numbers of the Interrogatories as to which each such person supplied information.

50.     State whether Defendant(s)' agents communicated with any persons or entities that are not parties to this litigation in connection with the subject matter of this lawsuit. For all such communications that were oral, specify the nature and substance of the communication, the date on which it occurred, the place at which it occurred, and the names, last known addresses, and last known telephone numbers of all persons present. For all such communications that were written, provide true and accurate copies of each such communication.

51.     State whether at any time, Defendant(s) ever taped and/or digitally recorded any communication with the Plaintiff, whether face-to-face or telephonic. If so, describe in detail, including but not limited to:

        a.    the identity of each Defendant(s) recorded;
        b.    the date, time, place, and manner in which you recorded the communications;
        c.    the substance of the recorded communications;
        d.    the device used for making such recordings; and
        e.    whether you obtained consent to tape or record such communications. Provide any such recordings.

52.     Set forth in detail, to your knowledge, all notices and warnings received by the Defendant(s) over the past five (5) years from any State and/or Federal and/or Local regulatory authorities who oversee, license, regulate, or discipline your operations, and/or your employees.

53.     Describe, in detail, any complaints to, investigations by, and/or inquiries by the New Jersey Department of Labor with regard to any employment matter concerning Defendant(s) for the past five (5) years. Identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

54.     Describe in detail Defendant(s)' ability to restore archived electronic data relating to the Plaintiff in this matter's employment contained on electronic media such that upon restoration it may be accessed, viewed, exported, or printed.

41

55.     Describe in detail Defendant(s)' ability to restore archived electronic data relating

to the employment of Defendant(s) contained on electronic media such that upon restoration it

may be accessed, viewed, exported, or printed.

56.     Identify each Individual with knowledge of:

a.      The type and location of all hardware used as terminals for email, including servers, personal computers, laptops, PDAs, etc. at Corporate Defendant(s) between January 1, 2009 and the present;

b.      Computer software operating systems and end user-applications servicing Corporate Defendant(s) between January 1, 2009 and the present;

c.      All email software and versions which have been used on hardware servicing Corporate Defendant(s) between January 1, 2009 and the present;

d.      The email file naming conventions and standards;

e.      The back-up and rotation schedules for all email generated or received by Corporate Defendant(s)' employees between January 1, 2009 and the present;

f.      Electronic data retention, preservation and destruction policies;

g.      Diskette, CD, DVD and other removable media labeling standards;

h.      Structure and organization of all information and technology departments and/or information technology support vendors involved with the computer systems at Corporate Defendant(s);

i.      The location of the email produced in response to the Plaintiff in this matter's First Request for Production;

j.      The method of search for the documents and electronic data requested in the Plaintiff in this matter's First Request for Production; and

k.      The date and time of destruction of any electronic data requested in the Plaintiff in this matter's First Request for Production.

57.     Identify each email account each Defendant(s) utilized as an employee of

Defendant(s) in the last three years.

58.     Identify and describe in full detail Defendant(s)' policy relating to an employee's

complaint of discrimination and/or retaliation.

59.     Describe, in detail, any investigation, determination and/or disciplinary actions

taken by Defendant(s) relating to any of the parties in this action in the past ten (10) years.

42

60.     Identify and describe the facts and details of each instance concerning any of the Defendant(s) receiving any sensitivity training or any training regarding appropriate workplace language and conduct.

61.     Identify and describe the facts and details relating to each instance in which any of the Defendant(s) reprimanded or disciplined Plaintiff while employed at Defendant(s).

62.     Identify and describe the facts and details relating to each instance in which any of the Defendant(s) were reprimanded or disciplined.

63.     Identify and describe in detail Defendant(s)' procedure and/or policy for reprimanding, suspending, and terminating employees.

64.     Describe, in detail, the factual basis for each Affirmative Defense set forth in the Answer.

65.     Describe, in full detail, the facts and circumstances relating to any change in Plaintiff's position and/or job responsibilities.

66.     Describe, in full detail, the facts and circumstances relating to any change in Defendant(s) position and/or job responsibilities.

## DOCUMENT REQUESTS RELATED TO PUNITIVE DAMAGES

1.     All financial statements prepared for the years 2014 through 2024 up to and including the present, setting forth income, expenses, assets, liabilities, and profits of the Corporate Defendant(s).

2.     All tax returns filed by the Corporate Defendant(s) for the years 2014 through 2024, up to and including the present.

3.     All documents evidencing assets of the Corporate Defendant(s).

4.     All documents evidencing the Corporate Defendant(s)' interest in any real estate.

43

5.　All documents evidencing the financial obligations of the Corporate Defendant(s) and all payments on those obligations.

6.　All documents evidencing judgments against the Corporate Defendant(s) and the amount of those judgments for the years 2014 through 2024, up to and including the present.

7.　All documents evidencing bank accounts held by the Corporate Defendant(s), the location of those accounts, account numbers, and balances of those accounts.

8.　All documents evidencing or setting forth accounts receivable and/or obligation owed by others to the Corporate Defendant(s) for the years 2014 through 2024, up to and including the present.

9.　All documents evidencing payments made by the Corporate Defendant(s) to creditors.

10.　All corporate books or any other written memorandum setting forth income received by the Corporate Defendant(s).

11.　All copies of inventories taken by the Corporate Defendant(s) of its property at any time during the years 2014 through 2024, up to and including the present.

## INTERROGATORIES RELATED TO PUNITIVE DAMAGES FOR DEFENDANT(S)

1.　If the Defendant(s) is a corporation, set forth as to each:

a.　the full name of the corporation;
b.　date of incorporation;
c.　state of incorporation;
d.　all States in which the Defendant(s) conducts its business;
e.　all States in which the Defendants has registered to do business;
f.　the full and correct names and residential address of all stockholders for the last two (2) years;
g.　the number of shares issued to each of the said stockholders and directors of the corporation during the past two (2) years to include specific dates during which said individuals served as directors;
h.　the number of shares issued to each of said stockholders;

44

          i.     the full and correct names and addresses of all officers of the corporation during the past two (2) years to include the specific dates during which said individuals served as officers;

          j.     all trade or fictitious names under which the corporation has conducted its business in the past two (2) years;

          k.     the complete street address of all locations where the Defendant(s) has conducted its business in the past two (2) years and include the specific dates during which it was at each location; and

          l.     the name and address of the person who has custody of this corporation's books and records.

2.     Is a majority interest in the corporate stock of the Defendant(s) owned by any individual, corporation, or holding company?

3.     If your answer to the preceding interrogatory is in the affirmative, please state for the individual, corporation, or holding company with a majority interest in the Defendant(s):

          a.     name and address;
          b.     state of incorporation;
          c.     the state in which doing business;
          d.     address of each business office;
          e.     the name and address of each current officer or director; and
          f.     the nature of the business in which engaged.

4.     For each facility owned or maintained by the Defendant(s), please state:

          a.     the business address;
          b.     the names and addresses of all current officers of the facility;
          c.     the nature of the business conducted at the facility;
          d.     the dates during which the facility has been owned or maintained by the Defendant(s)' employer; and
          e.     the number of individuals presently employed at the facility.

5.     Set forth in detail the name, address, and telephone number of all businesses in which the principals of the Defendant(s) now has an interest, and set forth the nature of the interest.

6.     For all bank accounts of the Defendant(s), list the name of the bank, the bank's address, the account number, and the name in which the account is held.

7.     Specifically state the present location of all books and records of the Defendant(s), including checkbooks.

8.      State the name and address of the persons or entities that prepare, maintain, and/or control the business records and checkbooks of the Defendant(s).

9.      List all the physical assets of the Defendant(s) and their location. If any asset is subject to a lien, then state the name and address of the lienholder and the amount due.

10.     Does the Defendant(s) own any real estate?

11.     If the answer for the preceding interrogatory is in the affirmative, please state for each property:

        a.      name(s) in which property is owned;
        b.      address of property;
        c.      date property was purchased;
        d.      purchase price;
        e.      name and address of mortgage holder, if any;
        f.      balance due on mortgage, if any; and
        g.      the names and addresses of all tenants and monthly rentals paid by each tenant.

12.     List all motor vehicles owned by the Defendant(s) and state the following for each vehicle:

        a.      make, model, and year;
        b.      license plate number;
        c.      vehicle identification number; and
        d.      if there is a lien on the vehicle, the name and address of the lienholder and the amount due on the lien.

13.     List all accounts receivable due to the Defendant(s), stating the name, address, and amount due on each receivable.

14.     For any transfer of business assets that has occurred within six (6) months from the date of these Interrogatories, specifically identify:

        a.      the nature of the asset;
        b.      the date of the transfer;
        c.      name and address of the person or entity to whom the asset was transferred; the consideration paid for the asset and the form in which it was paid (check, cash, etc.); and
        d.      explain in detail what happened to the consideration paid for the asset.

15.    Set forth all judgments that have been entered against the Defendant(s) and include

the following for each:

        a.    creditor's name;
        b.    creditor's attorney;
        c.    amount due;
        d.    name of Court; and
        e.    docket number.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Donna Swope*

By: /s/ *Peter D. Valenzano*
     PETER D. VALENZANO, ESQ.

Dated: April 11, 2024

47

## **CERTIFICATION**

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on ( ) my personal knowledge and/or ( ) information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:

     1.

     2.

     3.

     4.

     5.

Dated: _____, 2024     By:_____

## CERTIFICATION

       I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, whether written or oral, are unknown to me and, if such become later known or available, I shall serve them promptly on the propounding party.

       I certify that the foregoing answers to the Interrogatories made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: _____, 2024     By:_____

49

**NOTICE OF R. 4:14-2(c) VIDEO DEPOSITION OF CORPORATE DEFENDANT(S)**

**PLEASE TAKE NOTICE** that pursuant to <u>Rule</u> 4:14-2(c) of the New Jersey Rules of Court, Plaintiff Donna Swope, through her undersigned counsel, will take the deposition upon oral examination of the corporate representative of Corporate Defendants(s) **commencing on Thursday, September 05, 2024, at 10:00 AM,** at the law offices of McOmber McOmber & Luber, P.C. Corporate Defendant(s) is required to designate and produce for deposition a person or persons to testify on its behalf.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court. The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

<div style="margin-left: 40%;">

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Donna Swope*

By: /s/ *Peter D. Valenzano*
     PETER D. VALENZANO, ESQ.

</div>

Dated: April 11, 2024

<div style="text-align: center;">50</div>

**NOTICE OF R. 4:14-2 AND R. 4:14-9 VIDEO DEPOSITION**

**PLEASE TAKE NOTICE** that pursuant to the New Jersey Rules of Court, Plaintiff Donna Swope, through her undersigned counsel, will take the deposition upon oral examination of Defendant Benasso **commencing on Friday, September 06, 2024, at 10:00 AM,** at the law offices of McOmber McOmber & Luber, P.C.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court. The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Donna Swope*

By: /s/ *Peter D. Valenzano*
      PETER D. VALENZANO, ESQ.

Dated: April 11, 2024

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-000974-24

| | |
|---|---|
| **Case Caption:** SWOPE DONNA  VS ZYNEX MEDICAL INC. | **Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES |
| **Case Initiation Date:** 04/11/2024 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** PETER DOUGLAS VALENZANO | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** MCOMBER MCOMBER & LUBER, PC | **Is this a professional malpractice case?**  NO |
| **Address:** 54 SHREWSBURY AVE | **Related cases pending:** NO |
| RED BANK NJ 07701 | **If yes, list docket numbers:** |
| **Phone:** 7328426500 | **Do you anticipate adding any parties (arising out of same** |
| **Name of Party:** PLAINTIFF : Swope, Donna | **transaction or occurrence)?** NO |
| **Name of Defendant's Primary Insurance Company** | **Does this case involve claims related to COVID-19?** NO |
| (if known): Unknown | |
| | **Are sexual abuse claims alleged by: Donna Swope?** NO |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
　　　**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
　　　**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 04/11/2024 | /s/ PETER DOUGLAS VALENZANO |
| Dated | Signed |